UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joe Mackey, Jr., #200508932<br><br>                    Plaintiff,<br><br>          v.<br><br>Anderson County Detention Center;<br>Anderson Cart-Team; Captain NFN<br>Sackett; and Lieutenant NFN Jones,<br><br>                    Defendants. | C/A No. 6:06-1180-GRA-WMC<br><br><br>ORDER<br><br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on March 20, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Defendants filed a motion for summary judgment on September 5, 2006. Plaintiff responded on October 31, 2006.  The magistrate recommends that summary judgment be granted for respondents.

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on April 2, 2007.

Plaintiff objects that he "endured undue hardship for approximately 8 hours beyond the statutory legal limit of S.C. constitutional law." Plaintiff cites no authority for this "statutory legal limit," and the Court is unable to find any such limit. Restraint in a chair for twelve hours is not a *per se* violation of plaintiff's Fourteenth Amendment rights. *See Williams v. Burton*, 943 F.2d 1572 (11th Cir. 1991) (keeping inmate restrained for 28 hours not a violation of the Eighth Amendment).

Plaintiff objects that he was not supplied with any medical reports in response to his discovery request, and therefore defendants should be barred from introducing such evidence. This objection is of no consequence because the magistrate does not

2

rely on any medical reports in the Report and Recommendation, but instead cites a nurse's affidavit.

Plaintiff objects that Officer Ham falsely claimed he allowed plaintiff out of his restraints so that he could move around and use the restroom. Plaintiff says that he used the restroom on himself and was only given water one time, with medication. Officers Jones and Sackett both swore that they checked on plaintiff periodically while he was in the restraint chair. *Report and Recommendations* 5. These actions do not evidence a deliberate indifference to plaintiff's health or safety.

Plaintiff argues that a law or policy should be passed to limit the use of a restraint chair "for its specific use only" and that such use should not exceed four hours. To the extent plaintiff requests new law or policy, this Court is without power to provide such a remedy. Such requests are best directed to the executive and legislative branches of government.

Plaintiff makes the conclusory accusation that Officers Sackett and Jones were "grossly negligent" in authorizing him to be placed in a restraint chair. Plaintiff claims he was not threatening toward any of the officials. This is contradicted by numerous affidavits and plaintiff's own admission in his complaint that he swung at Officers Strickland and Schwartz. The magistrate correctly concluded that any force used was necessitated by the actions of plaintiff.

Paragraphs 1, 2, 7, 8, 9, 12, and 13 of the plaintiff's objections are not directed to specific portions of the Report and Recommendations, and so the Court need not

address them.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment is DENIED and plaintiff's motion for discovery is DENIED as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 6, 2007

Anderson, South Carolina

4

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.